NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERRY L. STEELE,**
*Petitioner*

**v.**

**DEPARTMENT OF STATE,**
*Respondent*

---

2026-1610

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-25-4858-I-1.

---

**ON MOTION**

---

Before PROST, MAYER, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

**O R D E R**

The Department of State ("DOS") moves to dismiss Terry L. Steele's petition for review for lack of jurisdiction, noting he has a pending petition for review with the Merit Systems Protection Board. Mr. Steele did not respond to the motion but separately moves to "suspend" the case, ECF No. 9 at 1. We instead transfer this case.

In August 2025, Mr. Steele appealed to the Board challenging DOS's decision to indefinitely suspend him. He alleged discrimination based on age, sex, and retaliation for participating in an equal employment opportunity activity. After the administrative judge affirmed DOS's suspension decision, Mr. Steele filed a timely petition for review with the full Board, which remains pending. Mr. Steele also filed the present petition at this court on March 31, 2026. In his filings, Mr. Steele indicates that he seeks review of his discrimination claims. *See* ECF No. 7.

Federal district courts, not this court, have jurisdiction over "mixed cases"—i.e., "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, 5 U.S.C. § 7702(a). *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 425–26, 437 (2017); *Diggs v. Dep't of Hous. & Urb. Dev.*, 670 F.3d 1353, 1357 (Fed. Cir. 2011) (holding that the affirmative defense of retaliation for prior equal employment opportunity activity "falls outside [of the court's] jurisdictional reach"). Here, Mr. Steele raised claims of covered discrimination at the Board, and he continues to seek review of those claims. Thus, we lack jurisdiction.

Where this court lacks jurisdiction, we shall, if it is in the interest of justice, transfer the case to an appropriate court. 28 U.S.C. § 1631. DOS, nonetheless, argues for dismissal based on Mr. Steele's petition pending at the Board. That petition, however, does not preclude transfer because, at the time of the present petition, 120 days had passed since his appeal at the Board and there was no "judicially reviewable action" given the timely petition at the Board. 5 U.S.C. § 7702(e)(1)(B); *see Butler v. West*, 164 F.3d 634, 643 (D.C. Cir. 1999). Under the circumstances, we transfer to the United States District Court for the Eastern District of Virginia, where the employment action appears to have

occurred, and for that court to consider Mr. Steele's request to suspend the case.

Accordingly,

IT IS ORDERED THAT:

DOS's motion, ECF No. 10, is granted to the extent that this matter and all case filings are transferred to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1631.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 30, 2026
Date